IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

VS.                                          Case No 1:06CV40

WARREN R. HAUGHT and
LENNA G. HAUGHT,

      Defendants.

## OPINION/ORDER DENYING WARREN R. HAUGHT'S MOTION FOR SUMMARY JUDGMENT IN REGARD TO CIVIL PENALTY ASSESSED UNDER 26 USC §6672 - COUNT II

This is a civil action brought by the United States against individual taxpayers seeking judgment under Count I for underpaid taxes, interest and penalties arising from the taxpayers personal income tax return for the tax year ending December 31, 1982 and seeking judgment under Count II against Warren R. Haught as a responsible person for the willful non-payment of withholding taxes originally due from Mercury Tooland Manufacturing, Inc. and interest and penalties thereon. Pending Motions with respect to Count I are not addressed in this Opinion/Order.

On August 31, 2007, Defendant, Warren R. Haught, ("Haught") filed his Motion for Summary Judgment, in Regard to Civil Penalty Assessed Under 26 USC §6672 - Count II, hereinafter called "Motion." [Docket Entry 28]. The United States filed her Memorandum in Opposition to Defendants' Motion for Summary Judgment, in Regard to Civil Penalty Assessed Under 26 USC §6672 - Count II (hereinafter called "Response") on October 2, 2007. [Docket Entry 38]. On October 8, 2007, Defendant filed his Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment in Regard to Civil Penalty Assessed Under 26 USC

§6672 Count I, hereinafter called "Reply." [Docket Entry 40].

**Relevant Undisputed Facts**

The following relevant facts are not disputed:

1) On October 23, 1956 Mercury Tool and Manufacturing, Inc. was organized as an Arizona corporation.

2) On a date unknown to the Court, Mercury International, Inc. was organized as a Nevada corporation.

3) In March 1988 Haught acquired a minority interest in Mercury International, Inc.

4) In March 1988 Mercury International, Inc. began negotiating to acquire Mercury Tool and Manufacturing, Inc.

5) In May 1988 the acquisition of Mercury Tool and Manufacturing, Inc. By Mercury International, Inc. was completed.

6) On a date unknown to the Court, Haught became chairman of the board of directors of Mercury International, Inc.

7) On March 15, 1990 Mercury Tool and Manufacturing, Inc. filed chapter 11 bankruptcy.

8) On May 17, 1990 Haught, as chairman of the board of directors of Mercury International, Inc., agreed in a written memorandum that the parent corporation would pay pre and post chapter 11 payroll taxes of Mercury Tool and Manufacturing, Inc. if it did not pay them in full by May 31, 1990.

9) On September 24, 1990 Mercury Tool and Manufacturing, Inc.'s chapter 11 bankruptcy was converted to a chapter 7 bankruptcy.

10) On May 19, 1992 David Glasser, an IRS collection agent, sent Haught IRS Form 2751 proposing to assess Haught for a 100% penalty on Mercury Tool and Manufacturing, Inc.'s

941 taxes due:

December 31, 1989

March 31, 1990

June 30, 1990

11) On June 10, 1992 Haught, by his CPA representative March Rich, filed a protest with the District Director of the IRS in Nevada to the 100% assessment penalty.

12) In early 1993 IRS collection agent Glasser requests an interview with Mark Rich.

13) On February 9, 1993 Haught completes and files a Form 4180 with IRS.

14) On August 29, 1994 IRS Appeals Officer Donna Fisher sends Haught correspondence essentially telling Haught that the IRS had considered his protest; that the IRS and Haught's representative had not been able to reach satisfactory agreement; that the trust fund recovery penalty would be assessed against Haught; and that Haught would have to pay the tax for one employee for one pay period before he could file a claim for a refund.

15) On September 14, 1994 Haught, through his tax representative, Rich, paid IRS the sum of $100.00 for one employee of Mercury Tool and Manufacturing, Inc. For the quarter ending March 31, 1990 and claimed a refund and abatement of the 100% penalty.

16) On October 5, 1994 the IRS assessed trust fund taxes of Mercury Tool and Manufacturing, Inc. for the quarter ending March 31, 1990 against Haught pursuant to 26 USC §6672.

17) On December 13, 1994 IRS Chief of Special Procedures Patrick Reidy denied Haught's request for refund and abatement.

18) On March 28, 2001 Haught made an offer in compromise to the IRS.

19) On July 30, 2003 the IRS rejected Haught's offer in compromise.

20) On March 14, 2006 the IRS filed the within complaint against Haught.

21) On May 24, 2007, during discovery in the within civil action, the IRS admitted it could not find its administrative file and, aside from the memorandum, was not able to articulate the facts and circumstances on which it contended that Haught is liable for the withholding taxes due from Mercury Tool and Manufacturing, Inc.

**Contentions of the Parties**

**Defendants' Motion For Summary Judgment:**

    A) The IRS claim in Count II is time barred because the collection action was not filed within ten years after assessment pursuant to 26 USC §6502.

    B) Haught is not a responsible person within the meaning of 26 USC §6672.

    C) Haught's failure to remit the Mercury Tool and Manufacturing, Inc. payroll taxes for the quarter ended March 31, 1990 was not willful.

**IRS Response**

    A) The IRS claim in Count II is not time barred because Defendant's offer in compromise stayed the running of the applicable statute of limitations.

    B) Commissioner's determination of tax liability is presumed to be correct and burden is on taxpayer (Haught) to rebut that presumption.

    C) Haught has not overcome the presumption of correctness.

**Defendants' Reply**

    A) Haught's affidavit is adequate in and of itself to rebut the presumption of correctness and require the IRS to produce some evidence that the facts as asserted by Haught are in fact disputed.

    B) IRS loss of its administrative file precludes the IRS from articulating facts and circumstances upon which it bases its contentions that Haught is the responsible

person and that he wilfully refused to pay the taxes of Mercury Tool and Manufacturing, Inc. or to carry its burden of establishing that there is a question of fact for jury consideration.

**<u>Standard of Review</u>**

Summary judgment is appropriate "if there is no genuine issue of material fact. <u>Charbonnages de France v. Smith</u>, 597 F.2d 406 (4th Cir. 1979). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the initial burden to show absence of evidence to support the nonmoving party's case. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). This burden does not require the moving party to show evidence that proves absence of a genuine issue of material fact, but only to point out its absence. <u>Id</u>.

The burden then shifts to the party opposing the motion. The adverse party may not rest upon mere allegations or denials, <u>Anderson</u>, 477 U.S. at 248, and summary judgment is appropriate if the adverse party fails to show, under Rule 56, the existence of an element essential to that party's case. <u>Celotex</u>, 477 U.S. at 322. A mere scintilla of evidence supporting the case is insufficient. <u>Anderson</u>, 477 U.S. at 252. With regard to the burden on the adverse party, Rule 56(e) provides in part that:

> [W]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In evaluating a motion for summary judgment, "[t]he evidence of the non-movant is to be

believed, and all justifiable inferences are to be drawn in his favor." Anderson, supra at 255. With these standards in mind, the Court will proceed to the motion.

**Discussion**

**Is the Subject Collection Suit Time Barred**

The subject civil action for the collection of withholding taxes, interest and penalties claimed due from Haught was commenced by the IRS on March 14, 2006.

26 USC §6502(a)(1) provides: "Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun (1) within 10 years after the assessment of the tax, . . . ."

In the instant case the assessment of tax was made on October 5, 1994. Without more, this would have required the IRS to file the within collection suit on or before October 5, 2004.

On March 28, 2001, Haught filed an offer in compromise with the IRS which tolls the running of the statute of limitations while the offer is under consideration by the IRS and for a period of 30 days following any rejection of the offer. 26 CFR §301.7122-1( i ) in combination with each other provide for the tolling of the running of the 10 year statute of limitations:

> **(i) Statute of limitations--(1) Suspension of the statute of limitations on collection.** The statute of limitations on collection will be suspended while levy is prohibited under paragraph (g)(1) of this section.
> **(g) Effect of offer to compromise on collection activity--(1) In general.** The IRS will not levy against the property or rights to property of a taxpayer who submits an offer to compromise, to collect the liability that is the subject of the offer, during the period the offer is pending, for 30 days immediately following the rejection of the offer, and for any period when a timely filed appeal from the rejection is being considered by Appeals.

Accordingly, between the date of the assessment (October 5, 1994) and the date the offer in compromise was made by Haught to the IRS (March 28, 2001), 6 years and 173 days of the 10 year statute of limitation ran or expired leaving 3 years and 192 days remaining.

That offer in compromise was rejected by the IRS on July 30, 2003, and the statute of limitations again started to run as of August 29, 2003, the 30th day post rejection of the offer. By operation of 26 C.F.R. §301.7122-1 the statute of limitations was tolled for two years and 115 days which the Haught's offer in compromise was being considered by the IRS. That had the effect of extending the time within which the IRS could institute the within suit with respect to the 6672 claim to January 28, 2007.

Defendant Haught offers nothing in his Reply Memorandum [Docket Entry 40] to suggest the Government's assertion that the statute of limitations was tolled by the offer in compromise and calculation that the suit was timely filed within the extended period are incorrect.

The suit was filed March 14, 2006 and was timely.

**Presumption of Correctness**

The Commissioner's "ruling has the support of a presumption of correctness, and the petitioner has the burden of proving it to be wrong." Welch v. Helvering, 190 U.S. 111, 115 (1933). "[T]he decision of the Commissioner of Internal Revenue that property has been transferred in contemplation of death is not conclusive, but only prima facie evidence of its correctness in an action to recover taxes paid under protest." Wickwire v. Reinecke, 275 U.S. 101 (1927).

In the case of U.S. v. Pomponio, 635 F.2d 293, 296 (4th Cir. 1980), the Court agreed with the Government's assertion that the District Court erred in its conclusion that the Government had failed to assert or prove any liability against the defendants under Count II of the complaints holding that "[t]he Government established a prima facie case in support of the tax liability charged in the complaints when it introduced into evidence the certified copies of the certificates of assessment. The Commissioner's determination of tax liability is presumptively correct and in cases involving section 6672 liability the courts generally have held that the burden is upon the taxpayer to establish

that the Commissioner's determination was erroneous. This presumption is not limited merely to the amount of the assessment but requires that the taxpayer demonstrate that he was not a responsible person or that his failure to pay the taxes was not willful." (internal citations omitted).

In the instant action, Haught filed an affidavit in support of his motion for summary judgment on Count II. In the affidavit, Haught generally offers his own conclusions of fact as to why he is not a responsible person for the withholding taxes of Mercury Tool and Manufacturing, Inc. He also attached a number of IRS documents and his protest to the assessment. The Government contends the documentation attached in support of the motion for summary judgment is nothing more than self serving uncorroborated statements of Haught and, under Mays v. United States, a 1985 per curium decision of the 11th Circuit found in 763 F.2d 1295, 1297 , more is required. The decision held: "that computer printout submitted by income taxpayer with his response to Government's interrogatories, such computer printout being prepared after tax audit, and his net worth statements, which did not refer to any original records, were only self-serving documents which failed to overcome presumption of correctness due determinations of the Internal Revenue Commissioner, where statements did not refer to any original records and where he presented no contemporaneous documentation of his expenses or other evidence.

Haught cites Higginbotham v. U.S., 556 F.2d 1173 (4th Cir. 1977) as outlining the proper approach in this Circuit for rebuttal of the presumption of correctness. First it should be noted that Higginbotham involved the assessment of wagering excise taxes, partial payment by the taxpayer and then the institution of a suit for a refund. It did not involve 6672 taxes or the issues of responsible person or wilfulness. The IRS counterclaimed for the full amount of the unpaid but assessed taxes. Notwithstanding the procedural inconsistencies with the instant case, the Court

established that "[i]t is well established that, in a deficiency suit by the Government to collect taxes, a taxpayer need not show how much he actually owes once he has shown the Government's claim to be erroneous. ... In a collection suit or a counterclaim in a refund suit, the issue is whether the Government is entitled to what it has assessed. The presumption of administrative regularity, the need to encourage taxpayers to keep records, and the governmental interest in facilitating the collection of taxes justify requiring the taxpayer to pay what the Government asks unless he can prove that the Government's assessment is excessive. Once the taxpayer has proved that the Government's assessment is excessive, there is no sufficient justification for relieving the Government of the burden of showing what the taxpayer owes." *Id.* at 1175.

In the instant case, Haught's affidavit and copy of the protest he filed with the Commissioner at the time of or prior to assessment without more fall into the same category of evidence as did the Mays materials. They are insufficient at the summary judgment stage to overcome the presumption of correctness and shift the burden of proof to the Government. However, it is premature to conclude that at trial Haught will not produce corroborative evidence which in conjunction with his testimony meets his burden of proof to then shift to the Government the burden of coming forward with evidence which is sufficient to show Haught was a responsible person and wilfully refused to pay the withholding taxes owed by Mercury Tool and Manufacturing, Inc.[1]  Because this Court concludes that the evidence offered by Haught in support of his summary judgement motion is inadequate, the Court does not need to address Haught's argument that on summary judgment, the Government must come forward with affirmative proof of its own in rebuttal to Haughts affidavit.

For the reasons stated herein, the Court concludes that there are issues of fact which preclude

---

[1] The Government has already conceded in discovery and confirmed during argument on the summary judgment motions that it has lost, misplaced and cannot find its administrative file.

summary judgment at this juncture of the case.

## Decision and Order

In accord with the foregoing, Haughts' motion for summary judgment based on running of the statute of limitations with respect to the subject suit for the collection of the taxes claimed in Count II is **DENIED.**

In accord with the foregoing, Haughts' motion for summary judgement on the issues surrounding the presumption of correctness is **DENIED.**

It is so **ORDERED.**

The Clerk is directed to transmit certified copies of this Order to all counsel of record herein.

Dated: November 15, 2007

*John S. Kaull*
**JOHN S. KAULL**
**U. S. MAGISTRATE JUDGE**