IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

VS.                                                               Case No 1:06CV40

WARREN R. HAUGHT and
LENNA G. HAUGHT,

        Defendants.

## ORDER

This is a civil action brought by the United States against individual taxpayers seeking judgment under Count I for underpaid taxes, interest and penalties arising from the taxpayers personal income tax return for the tax year ending December 31, 1982 and seeking judgment under Count II against Warren R. Haught as a responsible person for the willful non-payment of withholding taxes originally due from Mercury Tool, Inc. and interest and penalties thereon.

**Defendants' Objection To Plaintiff's Exhibits 107 A, 107B and 111 (Docket Entry 42)**

Pursuant to the agreement of the parties, the United States was to file its exhibits by October 2, 2007. The United States did file a list of exhibits on October 2, 2007 (DE 35). DE 35 did not contain exhibits 107 A, 107 B or 111 which the United States later sought to file. Exhibit 107 A is documentary evidence of Haughts' 8/27/03 appeal of the IRS rejection of their offer in compromise of the claims under Count I. Exhibit 107B is a 3/5/04 letter from the IRS to Haughts rejecting their offer in compromise of the claims under Count I.. Exhibit 111 is a 3/5/04 IRS letter rejecting Warren Haught's offer in compromise of liability in the 6672 Count II claim.

There is no basis for offers in compromise or responses to offers in compromise to be admitted in evidence during the trial of this case. The exhibits are not relevant to any of the issues that may be remaining with respect to either Count I or Count II post summary judgment decisions. This is particularly true with respect to Count I claims which were decided at the Tax Court and not

appealed making the Tax Court decision res judicata on the issue of the value of the charitable donation or gift from the Haughts to their church.

Accordingly Defendant's Objection To Plaintiff's Exhibits 107 A, 107 B and 111 (Dcoket Entry 42) is granted.

**Haught's Motion For Leave To Use Additional Exhibits At Trial (Docket Entry 49)**

Haughts filed a motion for leave to use 5 additional exhibits at trial:

1) 5/19/92 letter from IRS David Glasser to W.R.Haught

2) 8/29/94 letter from IRS Donna Fisher to W.R.Haught

3) 9/14/94 check 1493 from Haught to IRS for $100.

4) Form 843 (Haught's claim form refund)

5) 12/13/94 letter from IRS Patrick Reidy to W.R.Haught.

During the motions hearing, the United States did not object to Haught's use of the 5 exhibits subject to any instructions the and limitations the Court may impose during the trial.

Accordingly, subject to limitation by the Court and special instructions to the jury, Haught's Motion For Leave To Use the five Additional Exhibits at Trial (Docket Entry 49 is granted.

**United States' Objections To Haughts' Exhibits (Docket Entry 44)**

The United States filed objections to Defendants' Exhibits (Docket Entry 44).

Exhibit 8     United States objection to Exhibit 8 is granted based on the ruling heretofore made on the Motion For Summary Judgment and Partial Summary Judgment with respect to Count I.

Exhibit 9     Based on <u>Boyer v. Commissioner</u>, T.C. Memor 2003-322, the plain language of 26 USC §6325(f)(1)(A), <u>United States v. Ourashi</u>, 2004 Westlaw 1771071 (M.D.Fla. 2004) and <u>Miller v. Commissioner</u>, 23 T.C. 565, 569 (1954) United State objection to Exhibit 9 is granted.

Exhibit 10     Based on <u>Boyer v. Commissioner</u>, T.C. Memor 2003-322, the plain language of 26 USC §6325(f)(1)(A), <u>United States v. Ourashi</u>, 2004 Westlaw 1771071 (M.D.Fla.

2004) and Miller v. Commissioner, 23 T.C. 565, 569 (1954) United State objection to Exhibit 10 is granted.

Exhibit 11    In accord with FRE 402 United States objection to Exhibit 11 is granted.

Exhibit 12    Based on Boyer v. Commissioner, T.C. Memor 2003-322, the plain language of 26 USC §6325(f)(1)(A), United States v. Ourashi, 2004 Westlaw 1771071 (M.D.Fla. 2004) and Miller v. Commissioner, 23 T.C. 565, 569 (1954) and in accord with FRE 402 United States objection to Exhibit 12 is granted.

Exhibit 13    Based on Boyer v. Commissioner, T.C. Memor 2003-322, the plain language of 26 USC §6325(f)(1)(A), United States v. Ourashi, 2004 Westlaw 1771071 (M.D.Fla. 2004) and Miller v. Commissioner, 23 T.C. 565, 569 (1954) and in accord with FRE 402 and 802 United States objection to Exhibit 13 is granted. This exhibit also has handwritten memo which is not relevant to any issue now pending post summary judgment decision.

Exhibit 14    Based on Boyer v. Commissioner, T.C. Memor 2003-322, the plain language of 26 USC §6325(f)(1)(A), United States v. Ourashi, 2004 Westlaw 1771071 (M.D.Fla. 2004) and Miller v. Commissioner, 23 T.C. 565, 569 (1954) and in accord with FRE 402 and 802 United States objection to Exhibit 14 is granted. This exhibit also has handwritten memo which is not relevant to any issue now pending post summary judgment decision.

Exhibit 15    Based on Boyer v. Commissioner, T.C. Memor 2003-322, the plain language of 26 USC §6325(f)(1)(A), United States v. Ourashi, 2004 Westlaw 1771071 (M.D.Fla. 2004) and Miller v. Commissioner, 23 T.C. 565, 569 (1954) and in accord with FRE 402 . United States objection to Exhibit 15 is granted.

Exhibit 17    Based on Boyer v. Commissioner, T.C. Memor 2003-322, the plain language of 26 USC §6325(f)(1)(A), United States v. Ourashi, 2004 Westlaw 1771071 (M.D.Fla.

| | |
|---|---|
| | 2004) and <u>Miller v. Commissioner</u>, 23 T.C. 565, 569 (1954) and in accord with FRE 402  United States objection to Exhibit 17 is granted. |
| Exhibit 19 | Defendants have not met their burden under FRCivP 32(a)(3)(A,B,C,D and E. United States objection to Exhibit 19 is granted without prejudice to Defendants to reassert the motion if they can comply with the rule. |
| Exhibit 20 | Based on <u>Boyer v. Commissioner</u>, T.C. Memor 2003-322, the plain language of 26 USC §6325(f)(1)(A), <u>United States v. Ourashi</u>, 2004 Westlaw 1771071 (M.D.Fla. 2004) and <u>Miller v. Commissioner</u>, 23 T.C. 565, 569 (1954) and in accord with FRE 402.  United States objection to Exhibit 20 is granted. |
| Exhibit 22 | Based on FRE 802 handwritten note excluded and United States objection to Exhibit 22 is granted. |
| Exhibit 23 | The Bankruptcy claims registry of Mercury Tool may be relevant to Haught's claim that he did not wilfully refuse to pay the withholding taxes due from Mercury Tool. Accordingly, United States objection to Exhibit 23 is denied. |
| Exhibits 24 and 25 | Subject to a limiting instruction and to it being introduced incident to the testimony of Defendant Haught solely to establish the fact that Haught protested the 100% assessed penalty and was consistent in doing so, United States objections to Exhibits 24 and 25  is denied. |
| Exhibit 26, 27 | Based on <u>Boyer v. Commissioner</u>, T.C. Memor 2003-322, the plain language of 26 USC §6325(f)(1)(A), <u>United States v. Ourashi</u>, 2004 Westlaw 1771071 (M.D.Fla. 2004) and <u>Miller v. Commissioner</u>, 23 T.C. 565, 569 (1954) United State objection to Exhibits 26 and 27 are granted. |
| Exhibit 28 | In accord with FRE 402 United States objection to Exhibit 28 is granted. |
| Exhibit 29 | Ruling held in abeyance pending development of relevancy at trial. |

Exhibit 32    Defendants have not met their burden under FRCivP 32(a)(3)(A,B,C,D and E. United States objection to Exhibit 32 is granted without prejudice to Defendants to reassert the motion if they can comply with the rule.

It is so **ORDERED.**

The Clerk is directed to transmit certified copies of this Order to all counsel of record herein.

Dated: November 16, 2007

*John S. Kaull*
**JOHN S. KAULL**
**U. S. MAGISTRATE JUDGE**