IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
          PLAINTIFF,

VS.                                            CASE NUMBER 1:06CV40

WARREN R. HAUGHT and
LENNA G. HAUGHT,
          DEFENDANTS.

## ORDER/OPINION

On the 16th day of October, 2007, the Court entered an "Opinion/Order Denying Defendants Warren R. Haught's and Lenna G. Haught's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment in Regard to Count I" [Docket Entry 69]. In its Decision, the Court found that Defendants did not raise their statute of limitations defense before the Tax Court; that Defendants could have raised their statute of limitations defense before the Tax Court; and the statute of limitations defense is an affirmative defense which must be pleaded lest it be deemed to have been waived. In re Doerge, 181 B.R. 358, 75 A.F.T.R. 2d 95-2517, Bankr. S.D.Ill., (Apr. 18, 1995). The Court therefore held:

> [F]ailure to raise the affirmative statue of limitations defense at the Tax Court precludes Haughts from raising it here . . . . Accordingly, the Court concludes that the statute of limitations for assessment expired before the IRS assessed the taxes claimed due under Count I of the complaint but Haughts' failure to plead the statute of limitations defense before the Tax Court resulted in the Tax Court not considering the issue further resulting in Haughts now being estopped from raising the issue as a bar to enforcement of the Tax Court decision.

(Order/Opinion at 14-15).

On November 20, 2007, Defendants filed a "Motion for Reconsideration" [Docket Entry 71]. Defendants argue that "the appropriate inquiry [when considering the issue of waiver] is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." (citing Keith v. Aldridge, 900 F.2d 736 (4th Cir. 1990). The Court

agrees with this portion of Defendants' argument. Defendants proceed to argue:

> [W]hile the Tax Court's determination of the value of the charitable contribution made by the Taxpayers in 1982 was a necessary antecedent to the 1994 assessment, it is clearly distinct in time, space and origin from the assessment which forms the basis of Count I of the complaint, and thus, should not be regarded as part of the same transaction for claim preclusion purposes.
>
> As this Court is well aware, the Taxpayers filed a petition in the United States Tax Court on October 27, 1988 in regard to a proposed increase in their 1982 tax liability based upon a charitable deduction claimed by the Taxpayers involving the Taxpayers' claimed value of certain oil and gas producing wells donated to their church. The Tax Court rendered its decision on February 22, 1993, concluding that the value of the oil and gas leases donated by the Taxpayers to the church in 1982 was $439, 569.00. The Tax Court's decision, which dealt solely with the value of the property donated to the church, was not appealed from and became final on January 10, 1994.
>
> On June 2, 1994, the IRS made an assessment against the Taxpayers of taxes, penalties, and interest on their 1982 personal income tax liability. The Tax Court's determination of the value of the donated oil and gas wells was a necessary antecedent to the IRS' assessment, but that Tax Court decision came before the assessment.
>
> It is the assessment made June 2, 1994, which forms the basis of Count I of the complaint, and it is the assessment to which the taxpayers have raised the statute of limitations set forth in 26 U.S.C. § 6501(a) as an affirmative defense.
> . . . .
> Simply stated, Plaintiff could not bring this action without there being an assessment. The assessment could not occur until after the Tax Court's decision became final. It is the assessment made June 2, 1994, which forms the basis of Count I of Plaintiff's Complaint. The assessment, which forms the basis of the present action, is distinct in time, space and origin from the value of the oil and gas wells that the Taxpayers contributed to their church in 1982.

(Defendants' Memorandum at 5-8).

Upon consideration of all which, the Court clearly finds the Tax Court judgment was final; the Tax Court is a court of competent jurisdiction; and the Tax Court decision was not appealed. The issue of the running of the statute of limitations could have been raised to the Tax Court, but was not, thus precluding the Tax Court from deciding that issue. The Court further finds the parties are identical; and the claim in this case is based on the same cause of action involved in the earlier

proceedings. The statute of limitations is an affirmative defense that must be asserted or is waived. Defendants did not assert the statute of limitations defense at the Tax Court, and that affirmative defense was therefore waived.

For all the above reasons, Defendants' "Motion for Reconsideration" [Docket Entry 71] is **DENIED**.

It is so **ORDERED**.

The Clerk of the United States Court for the Northern District of West Virginia is directed to provide a copy of this order to all counsel of record.

DATED: November 30, 2007.

**/s** *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE